ELIZABETH G. MARTINEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JERRY G. MARTINEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martinez v. Commissioner
Docket Nos. 22479-88; 22480-88
United States Tax Court
T.C. Memo 1990-112; 1990 Tax Ct. Memo LEXIS 112; 59 T.C.M. (CCH) 32; T.C.M. (RIA) 90112; March 6, 1990
Elizabeth G. Martinez, pro se. Jerry G. Martinez, pro se. Terri A. Merriam, for the respondent. FAY
*143 MEMORANDUM OPINION FAY, Judge: This matter is before us on petitioners' Motion to Vacate Judgment, filed February 6, 1990. These cases have already been the subject of an opinion of this Court. Martinez v. Commissioner, T.C. Memo. 1989-649. As discussed in that opinion, these cases were called from this Court's Seattle, Washington, Trial Calendar on September 25, 1989. After calendar call, the Court met in chambers with counsel for respondent *113 and with petitioners. During that meeting, the Court discussed with petitioners their duty with respect to the stipulation process. After petitioners could give no reason for not stipulating to the facts proposed by respondent, petitioners were ordered to stipulate all facts which could reasonably be stipulated. Petitioners were ordered to do so prior to 1:00 o'clock PM September 26, 1989, when these cases were to be recalled from the calendar. Petitioners refused to comply and did not stipulate as ordered by this Court. Further, when these cases were recalled from the calendar as scheduled, petitioners did not appear. Thereafter, upon respondent's motions and because of petitioners' flagrant disregard of this Court's orders, these cases were dismissed for petitioners' failure to properly prosecute, and damages were awarded to the United States and against *144 petitioners in the amount of $ 5,000 in each docket, pursuant to section 6673. [1]
Orders of Dismissal and Decision were entered in these cases on January 5, 1990. Those decisions contained, *114 among other things, our award of damages to the United States and against petitioners under section 6673. Pursuant to section 7481, those decisions are not due to become final until April 4, 1990. Petitioners seek to have those Orders of Dismissal and Decision vacated. The Motion to Vacate Judgment filed by petitioners raises nothing but tax protester arguments which have been consistently rejected by this Court, and all other courts in the land. Petitioners' motion does not raise any justiciable issues of fact or law. In fact, petitioners' Motion to Vacate Judgment is a perfect example of the type of behavior Congress intended to dissuade with section 6673. That section provides this Court the authority to award damages to the United States and against a taxpayer whenever it appears proceedings instituted or maintained by a taxpayer are primarily for purposes of delay, the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies. As amended by the Tax Equity and Fiscal Responsibility Act of 1982, section 6673 provided the maximum amount of damages this Court may award could not exceed $ 5,000. The section *115 was amended by the Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106. As amended, section 6673 provides, with respect to positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date, this Court in its discretion may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. We find petitioners' Motion to Vacate Judgment in these cases is frivolous and groundless and was filed primarily for delay. Accordingly, in addition to the damages already awarded in the amount of $ 5,000 per docket, we require petitioners to pay to the United States a penalty of $ 1,000 in each docket, pursuant to section 6673 as amended by Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106. At the risk of mixing our metaphors, petitioners have dragged their feet and taken several stabs at delaying a decision in this case, only to hoist themselves by their own petard. For the reasons stated, petitioners' Motion to Vacate will be granted and the decisions previously entered in these cases will be vacated. New decisions will be entered reflecting the additional damages under section 6673. Appropriate *116 orders will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect, unless otherwise indicated.↩